

# NUMBER 13-08-012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ALBERT JAMES III,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                         **Appellee.**

---

### On appeal from the 252nd District Court of
### Jefferson County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

A jury found appellant, Albert James III, guilty of possession of a controlled substance (codeine), a third-degree felony.[1]  The trial court sentenced appellant to ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. By two issues, appellant contends that:  (1) the evidence is legally insufficient to support his

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.105(1), 481.118(c) (Vernon 2010).

conviction; and (2) the trial court erred in denying his motion for instructed verdict. The trial court certified appellant's right to appeal, and this appeal followed.[2] We affirm.

## I. BACKGROUND

At trial, Officer Jered Dupree of the Beaumont Police Department testified that on January 10, 2005, he received a dispatch call regarding a reckless driver. Upon approaching the reported location, Officer Dupree observed the reported vehicle changing lanes in a reckless manner without using a turn signal. Officer Dupree stopped the vehicle.[3] Upon approaching the vehicle, Officer Dupree observed what appeared to be marihuana on the pickup's console between the driver and the passenger. Officer Dupree removed appellant from the vehicle, handcuffed him, and placed him in the officer's patrol car. Next, Officer Dupree searched the passenger, and upon finding drugs, placed him in the patrol car. Then, Officer Dupree conducted an inventory search of the vehicle. In the driver's seat, directly where appellant was sitting, Officer Dupree found a reddish "prescription-looking" bottle containing what was later determined to be cough syrup containing codeine. Officer Dupree took appellant and the passenger to the police department for booking.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

By his first issue, appellant challenges the legal sufficiency of the evidence to support his conviction. By his second issue, appellant contends that the trial court erred in denying his motion for an instructed verdict. Because a motion for an instructed verdict

---

[2] This appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

[3] The officer identified appellant as the driver of the vehicle.

2

is a challenge to the legal sufficiency of the evidence, we address these issues together.[4]

In conducting a legal sufficiency review, an appellate court must ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'— not whether '*it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"[5] A jury's verdict will be upheld "unless a rational factfinder must have had reasonable doubt as to any essential element."[6] We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for that of the trier of fact.[7] We resolve any inconsistencies in the evidence in favor of the judgment.[8]

A person commits an offense if the person knowingly or intentionally possesses a controlled substance in Penalty Group 4, unless the person obtained the substance pursuant to a valid prescription.[9] To prove possession of a controlled substance, the State must show that the accused: (1) intentionally or knowingly exercised control, management,

---

[4] *See Lemoine v. State*, 85 S.W.3d 385, 387 (Tex. App.–Corpus Christi 2002, pet. ref'd) (citing *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990)). In his motion for instructed verdict, appellant argued that the State failed to prove that he possessed codeine as listed in Penalty Group 4. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.105(1) (Vernon 2010).

[5] *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

[6] *Id.* at 518.

[7] *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).

[8] *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

[9] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.118(a) (Vernon 2010). Section 481.105 of the Texas Health and Safety Code, in relevant part, defines a Penalty Group 4 controlled substance as a substance containing "not more than 200 milligrams of codeine per 100 milliliters or per 100 grams" and "one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture, or preparation valuable medicinal qualities other than those possessed by the narcotic drug alone[.]" *Id.* § 481.105(1) (Vernon 2010).

or care over the substance; and (2) knew that the substance was contraband.[10]  However, "[w]hen an accused is not in exclusive possession and control of the place where contraband is found, it cannot be concluded he had knowledge or control over the contraband unless there are additional independent facts and circumstances that affirmatively link him to the contraband."[11]  A link between the accused and the contraband may be established by the following nonexclusive list of factors:  (1) the contraband was in plain view; (2) the accused owned the premises or had the right to possess the place where the contraband was found; (3) the accused had a large amount of cash when found; (4) the accused's access to the contraband; (5) the accused's close proximity to the contraband; (6) there was a strong residual odor of the contraband; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was present on the accused or in plain view; (9) the accused was under the influence of narcotics when arrested; (10) the accused's conduct indicated a consciousness of guilt; (11) the accused attempted to escape or flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) conflicting statements about relevant matters were made by the occupants of the place where the contraband was found; (15) the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances.[12]  The sufficiency of links is not based

---

[10] *Lopez v. State*, 267 S.W.3d 85, 91 (Tex. App.–Corpus Christi 2008, no pet.).

[11] *Lassaint v. State*, 79 S.W.3d 736, 740 (Tex. App.–Corpus Christi 2002, no pet.).

[12] *Lopez*, 267 S.W.3d at 92; *see Nelson v. State*, No. 09-08-503-CR, 2009 Tex. App. LEXIS 6759, at **5-6 (Tex. App.–Beaumont Aug. 26, 2009, no pet.) (mem. op.) (not designated for publication) (listing factors).

on the number of factors established, but on the logical force of all the circumstantial and direct evidence.[13]

## III. DISCUSSION

In his challenge to the legal sufficiency of the evidence supporting his conviction, appellant specifically contends that he was not in exclusive possession of the premises in which the codeine was found. In addition, appellant contends that the State did not prove that the codeine allegedly possessed by appellant belonged to Penalty Group 4. We find both of appellant's arguments to be without merit.

Appellant argues that because Officer Dupree did not find the codeine until after appellant and his passenger were removed from the vehicle, "[i]t is reasonable to deduce that the passenger placed the controlled substance where Dupree located it." Officer Dupree testified that he found the bottle of codeine "[d]irectly underneath" where appellant had been sitting in the vehicle. On cross-examination, Officer Dupree admitted that he did not notice the bottle of codeine when he first removed appellant, but also testified, on re-direct examination, that based on where the bottle was found, he assumed appellant was sitting on it. Thus, the only factors reflected by the evidence are that appellant: (1) was driving the vehicle; and (2) was in close proximity to the codeine.

With respect to appellant's claim that the State failed to prove the specific penalty group alleged in the indictment, the State presented the testimony of Emily Escaville, a forensic analyst with the Jefferson County Regional Crime Laboratory. Escaville explained the process by which she analyzed the codeine and testified that, based on the level of

---

[13] *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *Lopez*, 267 S.W.3d at 92; *Lassaint*, 79 S.W.3d at 741.

codeine in the substance, it belonged in Penalty Group 4.[14]

Construing the evidence in the light most favorable to the verdict,[15] we conclude that the jury could have found: (1) a link between the codeine and appellant; and (2) that appellant intentionally or knowingly exercised control, management, or care over the codeine and knew that the substance was contraband.[16] We also find that, based on Escaville's testimony, a rational jury could have found that the codeine belonged in Penalty Group 4.[17] Therefore, the evidence was legally sufficient to support appellant's conviction.

We overrule appellant's issues and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010

---

[14] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.105(1) (Vernon 2010).

[15] *See Jackson*, 443 U.S. at 319.

[16] *See Lopez*, 267 S.W.3d at 91.

[17] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.105(1) (Vernon 2010).